IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ADRIENNE FALK | § § § § § | |
| | § | CIVIL ACTION NO. 10cv8445 |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, ADMINISTRATOR OF THE TENET HEALTHCARE CORPORATION LONG TERM DISABILITY PLAN, | § § § § § § § | |
| Defendant. | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE**

1.  **State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

    The conference took place by phone on March 3, 2010.  Marc Whitehead, Counsel for Plaintiff Adrienne Falk, and Patrick W. Begos, Counsel for Defendant UNUM Life Insurance Company of America ("Unum America"), participated in the conference.

2.  **List the cases related to this one that are pending in any state or federal court with the case number and court.**

    None

3.  **Briefly describe what this case is about.**

    Plaintiff sues under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a), to recover additional long-term disability ("LTD") benefits under an employee welfare benefit plan established and maintained by her former employer, Tenet Healthcare Corporation (the "Plan").  Plaintiff submitted a claim to Unum America under an insurance policy Unum America issued to the Plan. Unum America, as benefits administrator under the Plan, reviewed the information plaintiff submitted in support of her claim, gathered additional information, and concluded that plaintiff was eligible for a benefit as a result of a "mental illness" as defined in the policy.  Unum America paid

benefits for the Plan's twenty-four month maximum for a "mental illness" and discontinued benefits because it determined, based on additional information it had gathered, that plaintiff was not otherwise disabled within the meaning of the policy. Unum America upheld its determination on administrative appeal. Plaintiff disputes Unum America's determination and seeks to recover additional benefits.

**4.      Specify the allegation of federal jurisdiction.**

The complaint alleges violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA"). Accordingly, this Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1).

**5.      Name the parties who disagree and the reasons.**

None

**6.      List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

None anticipated at this time.

**7.      List anticipated interventions.**

None anticipated at this time.

**8.      Describe class-action issues.**

None anticipated at this time.

**9.      State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

As this is an action on an administrative record, the parties are exempt from initial disclosures pursuant to Rule 26(a)(1)(E). Unum America will produce the administrative record by May 9, 2011.

**10.     Describe the proposed agreed discovery plan, including:**

   a.     **Responses to all the matters raised in Rule 26(f).**

          (i)     The parties are exempt from initial disclosures pursuant to Rule 26(a)(1)(E).

          (ii)    Discovery can be completed by October 10, 2011.

          (iii)   <u>Plaintiff's Contentions</u>: Plaintiff reserves the right to request discovery after review of the administrative record.

    (iv)    <u>UNUM's Contentions</u>:  Unum America will produce the administrative record by May 9, 2011. Unum America submits that there should be no discovery in this action seeking review of an administrative determination denying plaintiff's claim for additional benefits because the Court's review is limited to an administrative record that already has been compiled. Unum America reserves the right to object to any discovery request.

    (v)    At this time there are no issues relating to the disclosure or discovery of electronically stored information that need to be addressed by the Court. The parties will provide paper copies of any discoverable electronic data that they agree to produce.

    (vi)    At this time, there are no issues relating to claims of privilege or of protection as trial-preparation materials that need to be addressed by the Court.  The parties agree to serve any objections or claims of privilege in response to a party propounding discovery in accordance with the Federal Rules of Civil Procedure.  The parties further agree that a privilege log need not be provided until the party claiming privilege receives a written request for one.  Once a written request for a privilege log is received, the party asserting the claim of privilege must provide a privilege log within twenty-one (21) days of receipt of the written request, unless the parties agree otherwise in writing.

**b.**    **When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiff will send interrogatories to Defendant within 90 days.  Unum America submits that there should be no discovery in this action seeking review of an administrative determination denying plaintiff's claim for additional benefits because the Court's review is limited to an administrative record that already has been compiled. Unum America reserves the right to object to any discovery request.

**c.**    **When and to whom the defendant anticipates it may send interrogatories.**

Under the current posture of the case, Unum America does not anticipate seeking any discovery.

**d.**    **Of Whom and by when the plaintiff anticipates taking oral depositions.**

Unknown at this time. Plaintiff will be in a better position to make this decision once written discovery is complete.  Such discovery can be complete by October 10, 2011. Unum America submits that there should be no discovery in this action seeking review of an administrative determination denying plaintiff's claim for additional benefits because the Court's review is limited to an administrative record that already has been compiled. Unum America reserves the right to object to any discovery request, including depositions.

e. **Of Whom and by when the defendant anticipates taking oral depositions.**

Under the current posture of the case, Unum America does not anticipate seeking any discovery.

f. **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiff will determine if experts will be required after review of the administrative record.

Unum America submits that, in reviewing the administrative determination, this Court sits, in essence, in an appellate capacity and its review is limited to the administrative record, which already has been compiled. Accordingly, expert evidence is precluded.

g. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Unum America submits that, in reviewing the administrative determination, this Court sits, in essence, in an appellate capacity and its review is limited to the administrative record, which already has been compiled. Accordingly, expert evidence is precluded.

Plaintiff will determine if expert depositions will be necessary after review of the administrative record.

h. **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Unum America submits that, in reviewing the administrative determination, this Court sits, in essence, in an appellate capacity and its review is limited to the administrative record, which already has been compiled. Accordingly, expert evidence is precluded.

11. **If the parties are not agreed on a part of the discovery plan, describe the separate view and proposals of each party.**

Unum America submits that there should be no discovery in this action seeking review of an administrative determination denying plaintiff's claim for additional benefits because the Court effectively sits in an appellate capacity and its review is limited to an administrative record that already has been compiled.

Plaintiff reserves the right to request discovery after review of the administrative record.

**Specify the discovery beyond initial disclosures that has been undertaken to date.**

None

12. **State the date planned discovery can reasonably be completed.**

    October 10, 2011

13. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

    The parties have been discussing settlement since the Rule 26(f) meeting.

14. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

    The parties have been discussing settlement since the Rule 26(f) meeting. have .

15. **From the attorney's discussion with the client, state the alternative dispute resolution techniques that reasonably suitable.**

    At this time, the parties do not believe that any formal ADR is appropriate in this case. Mediation may be appropriate at a later date, after the case has progressed, however, if informal settlement discussions are unsuccessful.

16. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    The parties do not consent to trial before a United States Magistrate Judge at this time.

17. **State whether a jury demand has been made and if it was made on time.**

    No jury demand has been made.

18. **Specify the number of hours it will take to present the evidence in this case.**

    Plaintiff believes 8 hours are needed to present the evidence in this case, especially in light of the necessity for Plaintiff to elicit testimony and produce evidence regarding any conflict of interest.

    Unum America submits that this is an action for review of an administrative determination denying plaintiff's claim for additional benefits in which the Court effectively sits in an appellate capacity and its review is limited to an administrative record that already has been compiled. Accordingly, the matter is to be decided through dispositive motion practice and not a trial.

19. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

-6-

None

**20.   List other motions pending.**

None

**21.   Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

None

**22.   List the names, bar numbers, addresses, and telephone numbers of all counsel.**

| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
|---|---|
| Marc S. Whitehead<br>State Bar No. 00785238<br>*marc@marcwhitehead.com*<br>Marc Whitehead & Associates, LLP<br>5300 Memorial Drive, Suite 725<br>Houston, Texas 77007<br>Telephone:  (713) 228-8888<br>Telecopier:  (713) 225-0940 | Patrick W. Begos (PB4372)<br>pwb@begoshorgan.com<br>Begos Horgan & Brown LLP<br>327 Riverside Avenue<br>Westport, CT  06880<br>Telephone: (203) 226-9990<br>Telecopier: (203) 222-4833 |

HOU:3065126.1

-7-

        Respectfully submitted,

        By: *draft*
           MARC S. WHITEHEAD
           State Bar No. 00785238
           5300 memorial Drive, Suite 725
           Houston, Texas 77007
           Telephone:  (713) 228-8888
           Telecopier:  (713) 225-0940
           *marc@marcwhitehead.com*

HOU:3065126.1